UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER D EUSTICE,<br><br>    Plaintiff,<br><br>VERSUS<br><br>STATE OF LOUISIANA THROUGH THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE; MEGAN C. MARTTER; AND RYAN BARSA,<br><br>    Defendants. | NO. 3:18-CV-01008-SDD-RLB<br><br>CHIEF JUDGE SHELLY D. DICK<br><br>MAGISTRATE JUDGE<br>RICHARD L. BOURGEOIS, JR. |

**<u>LSU'S OPPOSITION TO
PLAINTIFF'S OPPOSED MOTION SUGGESTING MOOTNESS AND
ALTERNATIVE MOTION FOR EXTENSION OF TIME TO RESPOND
TO DEFENDANTS' MOTIONS TO DISMISS</u>**

Earlier this same date, the Plaintiff, through an attorney who has not yet been enrolled in the case, filed a Motion Suggesting Mootness And Alternative Motion For Extension Of Time To Respond To Defendants' Motions To Dismiss.

For the following reasons, LSU opposes the Plaintiff's motion.

<u>ARGUMENT</u>

LSU refused to consent to the Plaintiff's request for extension and opposes the current motion primarily for two (2) reasons.

A.   *The Plaintiff's motion for an extension of time to oppose LSU's motion is untimely*

First, the Plaintiff is requesting an extension of time to oppose LSU's motion to dismiss after the deadline for filing an opposition brief has already passed. LSU filed its motion to dismiss on March 15, 2019. R. Doc. 16. Under Local Rule 7(f), "each respondent opposing a motion shall file a response … within twenty-one [21] days after service of the motion." Thus, the deadline for Mr. Eustice to file his opposition to LSU's motion was April 5, 2019. The Plaintiff never filed an

opposition brief; instead, he filed an Amended Complaint which, as LSU noted in its Motion For Leave To File Supplemental Memorandum, r. doc. 21, and in its Supplemental Memorandum, r. doc. 24, did nothing to change the legal analysis or correct the deficiencies noted in LSU's motion to dismiss. The only truly new material in the Amended Complaint was his attempt to plead the continuing violation doctrine, which is inapplicable as a matter of law, and the Roger Goodell claim, which is utterly implausible as set forth in LSU's Supplemental Memorandum. Now, on April 24, 2019, nineteen (19) days after the Plaintiff's deadline for filing an opposition brief has already passed, he seeks a retroactive extension of time to oppose LSU's motion. The Plaintiff's motion for extension is untimely and should be denied.[1]

Furthermore, it should not matter that the Plaintiff has only recently obtained legal counsel. This lawsuit has been pending now for almost six (6) months, during which time Mr. Eustice has capably handled himself. Prior to retaining counsel, Mr. Eustice demonstrated that he is perfectly capable of reading and following the rules and, when necessary, requesting an extension of time. On December 12, 2018, he filed a motion for an extension of time to serve process on the Defendants. R. Doc. 7. He has filed numerous motions, r. docs. 3, 4, 7, 8, 17, he has mailed out waivers of service of process and filed the executed waivers in the suit record, r. doc. 13, 14, he hired a process server to attempt service on out-of-state co-defendant Megan Martter, he participated in a lengthy Rule 26(f) status report, and he provided his own lengthy "inserts" to the Status Report, r. doc. 22. He has even bragged in his Complaint and Amended Complaint about

---

[1] In his motion, the Plaintiff argues that the Amended Complaint is controlling. But that is not the same thing as saying LSU's motion to dismiss is moot. Indeed, LSU specifically set forth the procedural posture of the case in both its Motion For Leave and in footnote 1 of its Supplemental Memorandum, and LSU specifically noted that the Court might prefer instead to dismiss LSU's original motion without prejudice to LSU's ability to file a new motion. Instead, the Court chose to grant LSU's motion for leave to file its supplemental memorandum, r. doc. 23, clearly demonstrating that the Court did not believe LSU's motion to dismiss was moot.

- 3 -

his prowess as a plaintiff: "I have been incredibly successful as a plaintiff in a number of lawsuits." Ex. C to Complaint and Amended Complaint. "I'm known for being litigious." *Id.*

Mr. Eustice is also familiar with federal court, Rule 12(b) motions, opposition briefs, and requests for extensions of filing deadlines. After he was suspended from Texas A&M ("TAMU") for two (2) years for plagiarism, he filed suit against the university in federal court in the Southern District of Texas. In response, TAMU filed a motion to dismiss under Rule 12(b). Mr. Eustice then filed a request for an extension of time to oppose the motion (which request, like the present case, was filed after the opposition deadline had already lapsed), which request the district court granted. Mr. Eustice then filed his opposition brief. TAMU's motion to dismiss was granted and his lawsuit was dismissed in its entirety. Eustice v. Texas A&M University, 2016 WL 8710444 (S.D. Texas 9/30/16).

Mr. Eustice has multiple additional cases that are apparently pending in federal court at the present time. Eustice v. Discover Financial Services, 19-01488 (S.D. Tex.); Eustice v. JPMorgan Chase, 19-01489 (S.D. Tex). Although not entirely clear, it appears another federal court lawsuit was just recently dismissed. Eustice v. Newfield Exploration Co., 18-03669 (S.D. Tex.). Again, while it is not entirely clear, it appears Mr. Eustice is representing himself in those cases as well.

For all of these reasons, the Plaintiff's request for an extension of time to oppose LSU's motion should be denied.

B.    *The Plaintiff should not be allowed to file yet another amended complaint*

In his motion, the Plaintiff also suggests he might file a Second Amended Complaint. LSU strongly opposes any such attempt by the Plaintiff. His original Complaint, filed on November 8, 2018, is thirty-one (31) pages long (not counting the numerous exhibits he attached thereto), contains one hundred sixty-seven (167) paragraphs, and asserts numerous claims under federal and state law. R. Doc. 1. His Amended Complaint, which he filed as a matter of right under Rule

15(a)(1), is forty-two (42) pages long (not counting the even more numerous exhibits he attached thereto), contains two hundred fourteen (214) paragraphs, and asserts all of the original claims plus new ones.  R. Doc. 20.

The Plaintiff cannot file a Second Amended Complaint without leave of Court, and LSU respectfully urges the Court to deny such leave.  The scope of this lawsuit already encompasses practically the entirety of Mr. Eustice's time at LSU, and it is hard to imagine any additional legal claims that have not already been asserted.  There is nothing to be gained by granting him yet another bite at the apple with a Second Amended Complaint.

For all of these reasons, the Plaintiff's motion should be denied.

Respectfully submitted,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.


By: s/John P. Murrill
   John P. Murrill, T.A., Bar # 23878
   Clare Sanchez, Bar # 37296
   450 Laurel Street, 8th Floor (70801)
   P.O. Box 2471
   Baton Rouge, LA 70821-2471
   Telephone: (225) 387-3221
   Fax: (225) 346-8049

   **ATTORNEYS FOR THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE**

- 5 -

## CERTIFICATE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  I also certify that I have electronically mailed copies of this filing to the following non-CM/ECF participants:

    Mr. Christopher D Eustice       Mr. Ryan Barsa
    Plaintiff Pro Se                      Pro Se Defendant
    655 West Forest Drive           20 Conifer Drive
    Houston, Texas 77079           Mendham, New Jersey 07945

Baton Rouge, Louisiana, this 24th day of April, 2019.

                                            s/John P. Murrill
                                            John P. Murrill