UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER D. EUSTICE                                         CIVIL ACTION

VERSUS                                                                      NO. 18-1008-SDD-RLB

STATE OF LOUISIANA THROUGH
THE BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL COLLEGE,
ET AL.

## ORDER

Before the Court is Plaintiff's Motion for Costs of Service. (R. Doc. 17).

Plaintiff represents that on January 3, 2019, he mailed "a waiver of service and other necessary documents/materials in compliance with Rule 4(c) & (d) of the Federal Rules of Civil Procedure" to the defendant Megan Martter. (R. Doc. 17 at 1). Plaintiff seeks recovery of $730 on the basis that Ms. Martter did not timely respond to the request for waiver of service, and that he incurred those costs in serving Ms. Martter. (R. Doc. 17 at 1). Plaintiff submits an "affidavit of service" indicating that he served Ms. Martter at her usual place of abode in Las Vegas, Nevada. (R. Doc. 17-2).

On May 1, 2019, Ms. Martter filed a Motion to Dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, arguing that the March 13, 2019 service was improper. (R. Doc. 37).

Rule 4(d) provides that a plaintiff may notify "a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the

defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

Ms. Martter has challenged the validity of the service for which Plaintiff is seeking recovery. Accordingly, the Court will deny the instant motion without prejudice to refile after resolution of Ms. Martter's Motion to Dismiss. (R. Doc. 37). Any future motion for costs of service most provide proof that Plaintiff complied with the requirements of Rule 4. *See Flores v. Sch. Bd. of DeSoto Par.*, 116 F. App'x 504, 508 (5th Cir. 2004); *Gillen v. Chase Home Fin., L.L.C.*, No. 06-598, 2006 WL 8433928, at *2 (M.D. La. Dec. 27, 2006).

Based on the foregoing,

**IT IS SO ORDERED** that Plaintiff's Motion for Costs of Service (R. Doc. 17) is **DENIED without prejudice** to refiling after resolution of Ms. Martter's Motion to Dismiss (R. Doc. 37).

Signed in Baton Rouge, Louisiana, on May 9, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**