UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER D EUSTICE, | NO. 3:18-CV-01008-SDD-RLB |
| Plaintiff, | CHIEF JUDGE SHELLY D. DICK |
| VERSUS | MAGISTRATE JUDGE RICHARD L. BOURGEOIS, JR. |
| STATE OF LOUISIANA THROUGH THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, ET AL. | |
| Defendants. | |

**BRIEF OF THE LSU DEFENDANTS IN OPPOSITION
TO PLAINTIFF'S FOURTH MOTION FOR EXTENSION OF TIME**

The Plaintiff, Christopher Eustice, has filed a motion for extension of time (R. doc. 97) to file his brief in opposition to the LSU Defendants' Comprehensive Motion To Dismiss (R. doc. 94). In the same motion, Mr. Eustice asks for yet another extension of time – his fourth – to serve Megan Martter with process.

The LSU Defendants now file this short brief in opposition to Mr. Eustice's motion.

A. *None of the LSU Defendants' arguments are dependent on the outcome of Mr. Eustice's criminal trial.*

Mr. Eustice states that his criminal trial on his cyberstalking charge is scheduled for October 21, 2019, and he argues that "Plaintiff's acquittal is a critical element in his malicious prosecution claim." (R. doc. 97 at p.2.)

Not a single one of the arguments made by the LSU Defendants in their Motion To Dismiss depends on the outcome of Mr. Eustice's criminal trial. To the contrary, the LSU Defendants argued it was apparent from the four corners of the Second Amended Complaint, the documents attached to the Second Amended Complaint, and the additional documents submitted by LSU that

Mr. Eustice's arrest was reasonable on its face; that there is nothing about Mr. Eustice's allegations that constitutes unlawful discrimination with respect to his arrest; that Officer Palermo is entitled to qualified immunity because his actions were objectively reasonable; and that Mr. Eustice has mischaracterized the nature of his arrest.

The LSU Defendants also emphasize that Mr. Eustice has not said that preparing his opposition brief will interfere with his ability to defend against the criminal charge. Indeed, his criminal trial is not until three (3) weeks after the deadline to file his opposition, so he has plenty of time to prepare his brief without interfering with his ability to prepare for trial.

None of the arguments advanced by the LSU Defendants are predicated one way or the other on the outcome of Mr. Eustice's trial. His request for more time to file his opposition brief should be denied.

B.  *Mr. Eustice knew Ms. Martter was moving to Norway.*

Mr. Eustice has requested yet another extension of his time (his fourth request) to serve Ms. Martter, and he states "Plaintiff first became aware on September 11, 2019 that Megan Martter has relocated to Norway."  (R. doc. 97 at p.1.)

Mr. Eustice was certainly aware that Ms. Martter was intending to move to Norway. She candidly acknowledged in an affidavit filed in the record that she was going to be transferred to Norway once her training in Abu Dhabi was complete:  "I am currently training in Abu Dhabi and, to the best of my knowledge at this time, will be re-assigned directly from Abu Dhabi to Norway, where, to the best of my knowledge at this time, I will remain indefinitely."  (R. doc. 37-2, ¶ 5.)

Mr. Eustice himself acknowledged in subsequent pleadings that Ms. Martter would be transferred to Norway. In his second request for more time to serve Ms. Martter, he wrote "Ms.

2

Martter is now living out of the country in Abu Dhabi and, at some point, will be relocating to Norway." (R. doc. 49-1 at p.4.)

The current motion for extension of time to serve Ms. Martter is Mr. Eustice's fourth such motion:

- Mr. Eustice filed his first request for additional time to serve the defendants on December 12, 2018. (R. doc. 7.) On January 2, 2019, the Court granted the motion and extended Mr. Eustice's deadline until March 20, 2019. (R. doc. 10.)

- After Mr. Eustice failed to serve Ms. Martter within the extended deadline, his attorney filed a second motion requesting another extension. (R. doc. 49.) On May 28, 2019, the Court granted him an additional sixty (60) to serve Ms. Martter. (R. doc. 51.)

- After Mr. Eustice failed again to serve Ms. Martter within the twice-extended deadline, he filed a third motion for an extension on July 26, 2019. (R. doc. 84.) The Court granted that motion and gave him another sixty (60) days on August 21, 2019. (R. doc. 91.)

Mr. Eustice has had far more than enough time to serve Ms. Martter. His request for yet another extension should be denied.

C.  *Enough is enough*

Finally, the LSU Defendants note that Mr. Eustice recently inquired whether the defendants would oppose his request to file a Third Amended Complaint and add at least three (3) more LSU employees as defendants. To date he has not filed that motion, but the inquiry request is emblematic of his never-ending need for more time and his apparent intention to continue expanding the scope of this utterly implausible lawsuit. See, e.g., *Access for the Disabled, Inc. v. Sparta Nicholoudis Irrevocable Tr. 1/3 INT*, No. 11-2158, 2012 WL 1623554, at *2 (M.D. Fla.

May 9, 2012) ("This case has been on a pattern of delay since it was initiated, and, at some point, this Court must say "enough is enough").

Respectfully submitted,

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

By: s/John P. Murrill
John P. Murrill, T.A., Bar # 23878
Lauren R. Hadden, Bar # 36648
450 Laurel Street, 8th Floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821-2471
Telephone: (225) 387-3221
Fax: (225) 346-8049

**ATTORNEYS FOR THE BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, F. KING ALEXANDER, BART THOMPSON, ANDREW PALERMO, AND JENNIE STEWART**

## CERTIFICATE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification to all parties registered to receive CM/ECF notifications. I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants:

Mr. Christopher D. Eustice
Plaintiff, In Proper Person
655 West Forest Drive
Houston, TX 77079

Mr. Ryan Barsa
Pro Se Defendant
20 Conifer Drive
Mendham, NJ 07945

Baton Rouge, Louisiana, this 23rd day of September, 2019.

s/John P. Murrill
John P. Murrill

2190104v.1