**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

CHRISTOPHER D. EUSTICE                                    CIVIL DOCKET

VERSUS                                                              18-1008-SDD-RLB

STATE OF LOUISIANA THROUGH THE
BOARD OF SUPERVISORS OF LOUISIANA
STATE UNIVERSITY AND AGRICULTRAL AND
MECHANICAL COLLEGE, ET AL.

## ORDER

  This matter is before the Court on *pro se* Plaintiff's *Motion to Stay Proceedings*,[1] wherein Plaintiff moves the Court to stay this litigation pending the outcome of his cyberstalking charges in state court.  This charge was ultimately dismissed because the alleged victim is employed out of the country and would not have been available to attend Plaintiff's October 2019 criminal trial in Baton Rouge, Louisiana.[2]  However, since this dismissal, the District Attorney has re-filed the charge as a stalking charge, and that criminal matter remains pending.[3]  Plaintiff claims he "cannot proceed in a meaningful way until he is cleared of this new charge."[4]

  LSU maintains that "[n]ot a single one of the arguments made by the LSU Defendants in their Motion To Dismiss depends on the outcome of Mr. Eustice's criminal trial" based primarily on Plaintiff's own allegations and admissions in his *Complaint* and

---

[1] Rec. Doc. No. 52.
[2] Rec. Doc. No. 106, p. 4.
[3] *Id.*
[4] Rec. Doc. No. 105, p. 2.
58704

its attached exhibits.[5]   LSU also contends, and the Court agrees, that the majority of the numerous claims asserted by Plaintiff are unrelated to his arrest:

- He alleges he was damaged by LSU's failure to prevent the suicide of one roommate and the attempted suicide of another roommate. Both the suicide and the attempted suicide took place in 2015 and are completely unrelated to the Plaintiff's arrest in November 2017.
- He alleges co-defendant Ryan Barsa defamed him and attempted to steal his intellectual property in 2015, which claims are completely unrelated to the Plaintiff's arrest in November 2017.
- He alleges numerous claims related to LSU having instituted multiple disciplinary proceedings against him during 2015 and 2016, including claims under the First Amendment, the Fourteenth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act. These claims are completely unrelated to his arrest in November 2017.
- He alleges LSU police officers harassed him November 2016 by showing up at his apartment and asking to look inside a safe to see whether the Plaintiff might have a firearm. This claim is completely unrelated to his arrest in November 2017.
- He alleges LSU unlawfully instituted a disciplinary hearing against him in November 2017 for threatening to sue several LSU professors, which claim is completely unrelated to his arrest in November 2017.
- He alleges LSU discriminated against him on the basis of his alleged disability and denied him requested accommodations. These claims are completely unrelated to his arrest in November 2017.[6]

As LSU notes, "the false-arrest and malicious prosecution claims are significantly outnumbered by all of the other claims asserted by the Plaintiff, and the Court should not stay the suit because of these two related claims."[7]

LSU also maintains that, should the Court choose to stay this matter, it should do so *after* resolving the pending Rule 12(b)(6) motions, as LSU contends the majority of

---

[5] Rec. Doc. No. 106, p. 4.
[6] *Id.*, pp. 4-5.
[7] *Id.* at p. 5.
58704

Plaintiff's claims are prescribed, and such claims are entirely unrelated to Plaintiff's criminal charge. Further, LSU maintains several of Plaintiff's claims are frivolous or facially implausible as a matter of law, and the Court should at least address the 12(b)(6) motions before considering a stay.

A district court has inherent power to control the disposition of the cases on its docket,[8] and this includes wide discretion to grant a stay in a pending matter.[9] "The district court has a general discretionary power to stay proceedings before it ... in the interests of justice."[10] The United States Supreme Court has confirmed the district courts' power to stay "any ... claim related to rulings that will likely be made in a pending or anticipated criminal trial."[11] Thus, while it is not required to do so, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding[12] or "until the criminal case or the likelihood of a criminal case is ended."[13] Granting a stay requires consideration of special circumstances and the need to avoid substantial and irreparable prejudice.[14] The burden to show that a stay is warranted rests on the movant,[15] and "the granting of a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly."[16] Thus, although "[t]he simultaneous

---

[8] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[9] In re *Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[10] *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982).

[11] *Wallace v. Kato*, 549 U.S. 384, 393 (2007).

[12] *United States v. Little Al,* 712 F.2d 133, 136 (5th Cir. 1983); *S.E.C. v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).

[13] *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007) (quoting *Wallace v. Kato*, 549 U.S. 384, 394 (2007)).

[14] *United States v. Little Al*, 712 F.2d at 136 (citing *S.E.C. v. First Fin. Grp. of Tex., Inc.*, 659 F.2d at 668).

[15] *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982).

[16] *United States v. Simcho*, 326 Fed.Appx. 791, 792-793 (5th Cir. 2009) (quoting *In re Who's Who Worldwide Registry, Inc.*, 197 B.R. 193, 195 (Bankr. E.D. N.Y. 1996)).

58704

prosecution of civil and criminal actions is generally unobjectionable,"[17] the stay of a pending civil action may be appropriate "when there is a real and appreciable risk of self-incrimination."[18]

The Fifth Circuit has provided the following guidance for deciding whether a civil case should be stayed pending the resolution of related criminal proceedings:

> Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. In some situations it may be appropriate to stay the civil proceeding. In others it may be preferable for the civil suit to proceed—unstayed. In the proper case the trial judge should use his discretion to narrow the range of discovery.[19]

Furthermore, "before granting a stay pending resolution of another case, the court must carefully consider the time reasonably expected for resolution of the other case, in light of the principle that stay orders will be reversed when they are found to be immoderate or of an indefinite duration."[20]

Under this guidance, courts within the Fifth Circuit consider six factors in determining whether a civil action should be stayed due to the existence of a related criminal matter, including (1) the extent to which the issues in the criminal case overlap those presented in the civil case; (2) the status of the criminal case (including whether the defendant has been indicted); (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff that might result from delay; (4) the private

---

[17] *S.E.C. v. First Fin. Grp. of Tex., Inc.*, 659 F.2d at 667.
[18] *Brumfield v. Shelton*, 727 F.Supp. 282, 284 (E.D. La. 1989) (citing United States v. Kordel, 391 U.S. 1, 8-9 (1970)).
[19] *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) (internal citations omitted).
[20] *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)).
58704

interests of and burden on the defendants; (5) the court's interests; and (6) any public interest issues.[21]

The Court has considered these factors and finds that a stay is not warranted in this matter at this stage in the litigation. The Court agrees with LSU that Plaintiff's false arrest and malicious prosecution claims constitute a small portion of Plaintiff's overall case; thus, there is minimal overlap between the claims in the civil case and the issues in the criminal case. The Court is aware that the criminal charge of stalking was re-filed in late Fall of 2019 and is unaware of its status at this time, and the Court is not inclined to grant an open-ended stay. Plaintiff is not prejudiced by the Court's consideration of the Rule 12(b)(6) motions, and the Court finds that the interests of, and burden upon, the Defendants in this matter would be greatly affected by a stay at this time. Finally, the Court finds that a stay is not in the Court's or the public's interest at the pleadings stage. Should Plaintiff's claims survive the Rule 12(b)(6) motions, the Court will reconsider a stay upon Plaintiff's motion.

Accordingly, Plaintiff's *Motion to Stay Proceedings*[22] is hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on January 14, 2020.


_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[21] *Alcala v. Texas Webb County*, 625 F.Supp.2d 391, 399 (S.D. Tex. 2009) (collecting district court cases within the Fifth Circuit applying this test).
[22] Rec. Doc. No. 52.
58704