UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER D. EUSTICE                         CIVIL ACTION

VERSUS

                                                        NO. 18-1008-SDD-RLB

STATE OF LOUISIANA THROUGH
THE BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL COLLEGE,
ET AL.

# ORDER

Before the Court are Plaintiff's Motion for Extension of Time to Serve Defendant Megan Martter, Motion for Permission to Serve Megan Martter via Publication, and Motion for Extension of Time to Respond to All of Defendants' Rule 12(b)(6) and Rule 12(b)(5) Motions to Dismiss. (R. Doc. 97). The motions are opposed. (R. Doc. 101).

Plaintiff commenced this action on November 8, 2018. (R. Doc. 1). There is no indication in the record that Plaintiff has served process on the defendant Megan Martter. Ms. Martter has twice moved for dismissal pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. (R. Doc. 37, 96). These motions remaining pending before the district judge.

The Court has granted Plaintiff three extensions of time to serve Ms. Martter. (*See* R. Docs. 10, 51, 91). The Court last ordered Plaintiff to file proof of service or show cause why this matter should not be dismissed as to any unserved defendants by October 21, 2019. (R. Doc. 91).

On September 16, 2019, Plaintiff filed the instant motion providing that he learned five days earlier that Ms. Martter had relocated to Norway. (R. Doc. 97). Plaintiff now seeks another

"60 day extension of time" to serve Ms. Martter and for permission to serve her "via publication." (R. Doc. 97 at 1).

Despite asserting that Ms. Martter is now residing in Norway, Plaintiff does not address the requirements of Rule 4(f) of the Federal Rules of Civil Procedure, which governs service on an individual in a foreign country. Rule 4(f) allows service on such an individual: "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . .; or (3) by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f). Plaintiff has not discussed, much less established, that he has attempted service on Ms. Martter in Norway by the means provided by Rule 4(f)(1) or 4(f)(2). While the Court does not at this time conclude that attempts at service under Rule 4(f)(1) or 4(f)(2) are required prior to obtaining relief under Rule 4(f)(3), given the record as a whole, the Court concludes that Plaintiff has not established that service by publication should be allowed under Rule 4(f)(3). *See West v. Rieth*, No. 15-2512, 2016 WL 195945, at *2 (E.D. La. Jan. 15, 2016). As Plaintiff has offered no analysis with respect to service of an individual in Norway under Rule 4(f), the Court makes no ruling with respect to whether service by publication is otherwise allowed under Rule 4(f)(1) or 4(f)(2).

The sixty-day extension sought by Plaintiff to serve Ms. Martter has come and gone without the filing of any proof of service in the record. Accordingly, any relief sought under Rule 4(m) is moot. Furthermore, Plaintiff has not established good cause for any additional extensions under Rule 4(m). To the extent Plaintiff seeks an extension of time to serve Ms.

Martter under Rule 4(f), the Court notes that the time limit for service under Rule 4(m) does not apply to service of an individual in a foreign country under Rule 4(f). *See* Fed. R. Civ. P. 4(m). That said, the time to serve process on an individual in a foreign country is not unlimited. *Veliz v. Rimax Contractors, Inc.*, No.15-6339, 2016 WL 1704496, at *3 (E.D. La. Apr. 28, 2016) (citing *Walker v. Transfrontera CV de SA*, No. 15-40541, 2015 WL 9266637, at *6 (5th Cir. Dec. 18, 2015)). The district judge will have the opportunity to decide whether Plaintiff's failure to serve Ms. Martters should result in dismissal when resolving her Rule 12(b)(5) motions. (R. Doc. 37, 96).

Finally, the district judge has denied other motions filed by Plaintiff seeking extensions of time to respond to the pending Rule 12(b)(6) and Rule 12(b)(5) Motions to Dismiss. (*See* R. Docs. 108, 115). Accordingly, the extensions to the deadlines to oppose these motions is denied for the same reasons previously provided by the district judge.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time to Serve Defendant Megan Martter, Motion for Permission to Serve Megan Martter via Publication, and Motion for Extension of Time to Respond to All of Defendants' Rule 12(b)(6) and Rule 12(b)(5) Motions to Dismiss (R. Doc. 97) are **DENIED**.

Signed in Baton Rouge, Louisiana, on January 28, 2020.

                                             **RICHARD L. BOURGEOIS, JR.**
                                             **UNITED STATES MAGISTRATE JUDGE**